IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1723-05






MARTINA VANSICE STUHLER, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


DENTON COUNTY





 Keller, P.J., filed a dissenting opinion in which WOMACK, KEASLER,
and HERVEY, JJ., joined.


 I disagree with the Court's conclusion that the evidence was insufficient to show "serious
bodily injury." Serious bodily injury includes, among other things, "any impairment of a physical
condition (1) . . . that creates a substantial risk of death." (2) Appellant restrained the three-year-old
victim by duct-taping him to a toilet seat. As a result of this restraint, the victim suffered from
"moderate to severe" constipation, causing his abdomen to become distended and hard. The
pediatrician who treated the victim at the hospital testified that he suffered "serious bodily injury"
from an injury that created a substantial risk of death. She further testified that the child was just
lucky that his liver and spleen had remained undamaged. Had the spleen been injured, the child
could have died very quickly. This evidence alone was sufficient to support a jury finding that
appellant inflicted serious bodily injury. 

 In holding to the contrary, the Court cites the pediatrician's admission that, at the time she
treated the child, the child was not in danger of dying. But that does not mean the child had suffered
no risk of death in the meantime. At the time the child's intestinal system was impaired, there
existed a substantial risk that the spleen or the liver could become damaged, which could in turn
cause death. As it turned out, the child was fortunate: the constipation had not yet produced the
injuries that could have occurred, and his body happened to be in good enough shape that it could
probably have avoided those injuries for another twenty-four to forty-eight hours. But the child's
good fortune simply means that the substantial risk of death was not realized. Moreover, the doctor
emphasized that her assessment was based on the fact that "there was intervention." In the context
of impairment, we have held that "[t]he relevant issue was the disfiguring and impairing quality of
the bodily injury as it was inflicted, not after the effects had been ameliorated or exacerbated by other
actions such as medical treatment." (3) The pediatrician testified that if the child's condition were left
untreated, he could have died in two days. The child was removed from danger because he was
treated, and his bowels were evacuated, relieving the constipation.

 I also disagree with the Court's conclusion that appellant was harmed by the alleged violation
of jury unanimity. Aside from the fact that evidence was sufficient to show "serious bodily injury,"
I believe appellant was not harmed because the evidence of "serious mental . . . injury" (4) was virtually
conclusive. There was evidence that it was the trauma from being taped to the toilet for long periods
of time that caused the child's constipation in the first place. And common sense suggests that any
three-year-old child undergoing the experience that occurred here would be additionally traumatized
by having to remain on the toilet while suffering from constipation. A therapist testified that the
trauma of the experience caused the victim to suffer from Post-Traumatic Stress Disorder. Although
the child had previously been happy and toilet trained, after the incident he had nightmares,
developed a problem with stuttering, suffered periods of uncontrolled defecation, reverted to wearing
diapers, hoarded food, and was afraid of bathrooms. Given the overwhelming nature of the mental
injury evidence, including the traumatic nature of the crime itself and the vulnerable age of the
victim, I conclude beyond a reasonable doubt that any juror who found appellant guilty would find,
at the very least, that "serious mental injury" was inflicted.

 I respectfully dissent.

Filed: January 24, 2007

Publish 




 
1. Tex. Pen. Code §1.07(a)(8)(definition of "bodily injury")
2. Tex. Pen. Code §1.07(a)(46)(definition of "serious bodily injury," which incorporates
"bodily injury").
3. Brown v. State, 605 S.W.2d 572, 575 (Tex. Crim. App. 1980)(broken nose that was
reset). 
4. Tex. Pen. Code §22.04(a)(2). The term is not defined in the Penal Code.